IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BENNY RAY ODEM, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:26-cv-621 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Benny Ray Odem, Jr., an inmate confined at the Ferguson Unit of the Texas Department of Criminal Justice, Institutional Division, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

Discussion

Petitioner brings this petition challenging the validity of a disciplinary conviction received while he was confined at the Wainwright Unit located in Lovelady, Texas.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his Petition for Writ of Habeas Corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner states he was convicted in the 186th District Court for Bexar County, Texas. Petitioner is currently confined at the Ferguson Unit which is located in Midway, Walker County, Texas. Petitioner, however, contests a disciplinary conviction he received at the Wainwright Unit in Lovelady, Texas. While the Wainwright Unit is located within the jurisdictional boundaries of this court, the Fifth Circuit has held that a TDCJ disciplinary tribunal is not a "state court," and, therefore, its actions cannot serve as the basis for jurisdiction under § 2241(d). *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).

Pursuant to 28 U.S.C. § 124, Walker County is in the Houston Division of the Southern District of Texas. Further, the county of Petitioner's criminal conviction, Bexar County, is located

in San Antonio Division of the Western District of Texas. As neither Bexar County nor Walker County are located within the jurisdictional boundaries of the Eastern District of Texas, venue is not proper in the Eastern District of Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This action should be transferred to the United States District Court for the Southern District of Texas, Houston Division. An appropriate order so providing will be entered by the undersigned.

**SIGNED this the 17th day of August, 2026.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE